The Court

was of opinion, that the judgment de bonispro-priis in this case was irregular, and that the administrator should be discharged from the ca. sa. wLh costs. They laid it down, that an executor defendant pays costs in all cases, and the judgment is de bonis testatoris ; so where there is judgment for him in cases where he is defendant, he shall have costs. 1 Bac. 517. Bro. Executor, 164. Plowd. 183. So likewise in equity, costs are usually awarded out of assets. Eg. Cas. Abr. 125. But an executor or administrator is not within the meaning of the statutes, which give costs to a defendant after verdict or non-suit, when they are plaintiffs ; in ah those cases, where they are plaintiffs, they pay no costs, because (as has been said before) they are in autre droit, and are but trustees I or creditors, and are not presumed to be sufficiently conusant of the personal contracts of those they represent. Whenever, therefore, there is an apparent right, it is their duty, and they are bound to pursue it, though it turn out eventually that there is a good defence against the action ; as in the present case, it turned out that there was a good discount, which the administrator might have known nothing about. If, however, an executor or administrator bring an action in their own right, as for a conversion or trespass in their own time, of which they are conusant, they shall pay costs ; or if they bring assumpsit for money received after the death of the testator, and become nonsuit, they shall pay cosis ; for the law gives this privilege to executors, of not p n ing costs, only where the cause of action accrued in the testator’s lifetime, and there only, because they are not supposed to be conusant ox privy to the acts of the testator.
So also in cases where an executor brings an action where he need not name himself executory and it goes against him, he must pay costs.
Salk. 314.
3 Bun-. 1584.
The goods of the testator are assets in the hands of an executor; he has a qualified property in them ; he is not obliged to name himself executor in an action of trespass or' trover for them, if the trespass or conversion is since the testator’s death ; therefore it is, in case of nonsuit, that he is liable for costs. So also, if an executor will not go on to trial, agreeable to notice, the defendant shall not be needlessly harassed ; he shall pay costs in such cases. Salk. 314. Mod. Cas. 93. These, the court observed, were in general the cases where executors and administrators are exempt or liable for costs ; but there might be other cases, either of liability or exemption, which depend upon peculiar circumstances, not taken notice of above, as in the case quoted by defendants’ counsel from 3 Burr. 1451. which was a case where the executor brought an action to harass the defendant, knowing it to be a wrong action ; there he was made liable for costs. But in the case under consideration, they saw nothing oppressive in it, or which took it out of the general rule of law, in exempting executors and ad« ministrators from costs, who endeavour to recover the bona fde debts and rights of their testators or intestates.
Rule made absolute for setting aside the judgment, and discharging the administrator from the arrest, with costs.
Present, Burke, Grimke and Bay.